```
               UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

**KRISTIE FIELDS, individually and as parent and next friend of, LEANDRA RENEA KIRK, and ALLISON PAIGE FIELDS, infants under the age of Eighteen Years,**

       **Plaintiffs,**

v.                          Civil Action No. 2:15-08838 (Lead Action)

**ERIC C. CONN, and**
**ERIC C. CONN, P.S.C., a professional service corporation incorporated under the laws of the Commonwealth of Kentucky,**

       **Defendants.**


**RICK HANEY,**

       **Plaintiff,**

v.                          Civil Action No. 2:15-08839 (Consolidated)

**ERIC C. CONN, and**
**ERIC C. CONN, P.S.C., a professional service corporation incorporated under the laws of the Commonwealth of Kentucky,**

       **Defendants.**


**NELSON DAVILA,**

       **Plaintiff,**

v.                          Civil Action No. 2:15-08848 (Consolidated)

**ERIC C. CONN, and**
**ERIC C. CONN, P.S.C., a professional service corporation incorporated under the laws of the Commonwealth of Kentucky,**

       **Defendants.**

**CLAUDETTE BLOCK,**

    Plaintiff,

v.                     Civil Action No. 2:15-12856 (Consolidated)

**ERIC C. CONN, and**
**ERIC C. CONN, P.S.C., a professional service corporation incorporated under the laws of the Commonwealth of Kentucky,**

    Defendants.


## MEMORANDUM OPINION AND ORDER

Plaintiffs initiated the first three actions in the Circuit Court of Lincoln County on May 27, June 2, and June 5, 2015 respectively, and the fourth action in the Circuit Court of Mingo County on July 30, 2015. The defendants received service on June 1, June 2, June 10, and August 3, 2015 respectively. On June 30, 2015, the defendants timely removed the <u>Fields</u>, <u>Haney</u>, and <u>Davila</u> actions. On September 1, 2015, the defendants timely removed the <u>Block</u> action.

Federal Rule of Civil Procedure 42 empowers the district courts to consolidate actions that "involve common questions of law or fact." Fed. R. Civ. P. 42(a). The rule reads, in pertinent part:

> (a) <u>Consolidation</u>. If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or

>   (3) issue any other orders to avoid unnecessary cost or delay.
>
>   (b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.

Fed. R. Civ. P. 42. "District courts have broad discretion under F. R. Civ. P. 42(a) to consolidate causes pending in the same district." A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co., 559 F.2d 928, 933 (4th Cir. 1977). Our court of appeals has emphasized that "[t]he decision whether to sever or to consolidate whole actions or sub-units for trial is necessarily committed to trial court discretion. We review only to determine whether the discretion was abused, and if so, whether prejudice resulted." Arnold v. E. Air Lines, Inc., 681 F.2d 186, 192 (4th Cir. 1982) (internal citations omitted), *on reh'g*, 712 F.2d 899 (4th Cir. 1983). The Arnold court described the district court's discretionary inquiry as such:

>   The critical question for the district court [is] whether the specific risks of prejudice and possible confusion [resulting from consolidation are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Arnold, 681 F.2d at 193.

Consolidation of the case events up through the pre-trial conference comports with the criteria identified in Rule 42 and the guidelines set forth in Arnold. While particular factual differences between the four actions may require that they be separated at the time of trial, it is likely that pre-trial legal issues in all four cases will be either identical or substantially similar. Each plaintiff is a West Virginia resident who hired the defendant, Eric C. Conn ("Conn"), for representation in connection with a claim for Social Security Disability Benefits. Each plaintiff alleges that Conn committed malpractice during the course of that representation, resulting in their Social Security benefits being suspended and "expos[ing]" them to "potential additional damages in the future." (See, e.g., Haney Compl., Ex. A at 4).

Likewise, Conn's responses to all four complaints raise the same arguments of lack of justiciability, lack of standing, failure to state a claim, and failure to plead with particularity. (See, e.g., Davila Answer at 6). Thus, the court's initial inquiries, such as those regarding the legal sufficiency of the claims, as well as any examination of the court's jurisdiction over the claims or parties, will be similar in the four cases. See Harris v. L & L Wings, Inc., 132 F.3d 978, 981 n.2 (4th Cir. 1997) (noting Rule 42(a) "approves

4

consolidation of actions that involve a 'common question of law or fact,'" and further that "claims . . . brought against the same defendant, relying on the same witnesses, alleging the same misconduct, and answered with the same defenses, clearly meet" the standard set forth by Rule 42).

Moreover, all plaintiffs are represented by common counsel, and Conn has retained the same counsel to defend each case. Consolidation will therefore reduce the burden on both the parties and the court associated with maintaining four separate actions. See Arnold, 681 F.2d at 193 (noting significance in consolidation decision of "the burden on parties, witnesses and available judicial resources posed by multiple lawsuits").

The court foresees minimal risk that consolidation will engender confusion or prejudice. This is true particularly because both the defendants' and plaintiffs' counsel have communicated to the court that they do not object to consolidation of the first three actions for pre-trial purposes, and the Block action appears to raise issues nearly identical to the other three cases.

The court, accordingly, ORDERS that these actions be, and hereby are, consolidated for purposes of pretrial development and conferencing. The court reserves the question of consolidation of the cases for trial pending a discussion of

that matter at the pretrial conference following discovery.

The Fields case is designated as the lead action. All further filings shall be captioned and docketed in that case. The court will enter a consolidated scheduling order that will set a single trial date. If it is ultimately determined that the cases should not be consolidated for trial, the court, in consultation with counsel, will select the first action for trial, which will proceed according to the trial date set in the scheduling order. The remaining three actions will then be set for trial as expeditiously as possible thereafter.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: October 9, 2015

Judge John T. Copenhaver, Jr.

United States District Judge

6